J. E. STIFFLER V. THE STATE.

No. 9716.  Delivered December 23, 1925.

1.—Passing Forged Instrument—Charge of Court—Issue Not Presented— Properly Omitted.

Where, on a trial for passing a forged instrument, there was no error in failing to charge the jury, the statutory provision that proof of a comparison of signature only, will not be sufficient to establish the hand-writing of defendant who denies his signature under oath. We think the facts of this case would not require the court to give this article in charge to the jury. The conviction is for passing a forged instrument, and is not predicated on the forging of the same.

2.—Same—Charge of Court—Defensive Issues—All Submitted.

Every defensive issue raised by the evidence in this case was affirmatively submitted in the court's charge. The evidence from the standpoint of the state, if believed by the jury, was entirely sufficient to support the verdict, and the judgment is affirmed.

Appeal from the District Court of Collin County.  Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*E. W. Crowell,* Farmersville, for appellant.

*H. Grady Chandler*, County Attorney, *Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is passing a forged instrument and the punishment is two years in the penitentiary.

The state's testimony shows that one A. J. Leigh resided in Josephine, Collin County, Texas, and that on the 23rd of August, 1924, he cashed a check described in the indictment; but his testimony fails to show an ability on his part to identify the appellant as the person who passed the check on him. The other testimony in the case including that of the defendant, however, is entirely sufficient to show that appellant was the party who really passed the check. The check bore the signature of C. C. Calvin and it was the state's theory that Calvin was a fictitious person. The state introduced several witnesses, each of whom showed that he had a very large and intimate acquaintance with the people in that vicinity and that he knew of no such person in Collin County. The appellant in his testimony claimed that he won this check from a party who claimed that his name was C. C. Calvin.

Appellant complains because the court refused to instruct the jury that proof of a comparison of signature only will not be sufficient to establish the handwriting of defendant who denies his signature under oath. We think the facts of this case would not require the court to give this article of the statute in charge. The conviction is for passing a forged instrument and is not predicated on the forging of the same. If in fact the said Calvin was a fictitious person and the appellant knew that the check was forged when he passed it, it would be immaterial as to whether appellant or someone else other than Calvin actually wrote it. His defense was based upon the proposition that if the check was not the genuine act of C. C. Calvin that he was then deceived by the stranger from whom he claimed to have won the check and who claimed to be C. C. Calvin.

The trial court very properly submitted the appellant's theory of the case. He first told the jury that if the name C. C. Calvin signed to the alleged forged check was the name of a real person and not a fictitious person to acquit the defendant, or if they had a reasonable doubt as to this matter to acquit. He again told the jury in effect that if they believed that the defendant engaged in a poker game with two persons,

one of whom represented himself to be Calvin and that defendant in the course of said game received an eight dollar check signed by said Calvin and that at the time the defendant passed the check to A. J. Leigh he believed that said check was a genuine check of Calvin's, to acquit the defendant although the jury might believe that the name of Calvin was the name of a fictitious person. In addition to this the trial court also instructed the jury that if the defendant received the eight dollar check in a poker game and when he passed it to A. J. Leigh he did not know that it was a forgery, if it was, then, to acquit the defendant, or if they had a reasonable doubt as to this matter to acquit him. We think the charge above mentioned pertinently applied the law to all of the defensive matter raised by the appellant in his testimony.

We think there is no other question raised by the record which warrants a discussion. The evidence from the standpoint of the state if believed by the jury was entirely sufficient to support the verdict.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.